IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANUEL CHAIREZ, IV,

    Plaintiff,                                  No. CIV S-09-0786 GGH P

    vs.

D. DEXTER, et al.,                           <u>ORDER AND</u>

    Defendants.                        <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is the motion to dismiss for failure to state a claim filed August 21, 2009, on behalf of defendant Holbrook.[1] For the following reasons, the court recommends that this motion be granted.

<u>LEGAL STANDARD FOR MOTION TO DISMISS</u>.

        In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "The

---

[1] The other defendants filed waivers of service on August 19, 2009.

pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See

1 | Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

## ANALYSIS

This action is proceeding on the complaint filed April 30, 2009 (court file # 6). The gravamen of this action is plaintiff's claim that he was improperly validated as a gang member. The only allegations against defendant Holbrook are as follows:

> On 8/1/2008 Defendant D. Holbrook, by way of appeal no. ISP-A-08-01026 and his/her failure to respond to said caused plaintiff to be further retained in a "SHU" and without due process justification impede his right to appeal.

Complaint, pp. 11-12, ¶ 7.

The only claim by plaintiff against defendant Holbrook is that he failed to respond to plaintiff's administrative appeal.

Defendants move to dismiss on grounds that plaintiff has no right to an inmate grievance system. Inmates have no liberty interest in the processing of an inmate appeal because inmates lack a separate constitutional entitlement to a specific prison grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988)). Because plaintiff has no liberty interest in the processing of his inmate appeal, plaintiff's claim against defendant Holbrook for failing to respond to his appeal is legally frivolous.

In the complaint and opposition, there is no claim by plaintiff that defendant Holbrook was otherwise involved in the alleged deprivations. Because plaintiff cannot cure the pleading defects against defendant Holbrook, and does not suggest any colorable claim against this defendant, the motion to dismiss should be granted.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this action;

IT IS HEREBY RECOMMENDED that the motion to dismiss filed August 21, 2009, by defendant Holbrook (no. 14) be granted.

\\\\\

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within ten days after service of the objections.  The parties are advised
7  that failure to file objections within the specified time may waive the right to appeal the District
8  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
9  DATED:   September 29, 2009

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

ch786.mtd